UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRENDAN KUKLOK,

    Plaintiff,

    v.

WORKFORCE SAFETY & INSURANCE,

    Defendant.
_____/

No. C 14-03480 PJH

**ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING**

Before the court is defendant's motion to dismiss the first amended complaint, filed on November 5, 2014. The court finds the matter suitable for disposition without a hearing, and hereby VACATES the December 17, 2014 hearing on defendant's motion. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion as follows.

Plaintiff Brendan Kuklok ("plaintiff") filed this suit against North Dakota Workforce Safety and Insurance ("WSI"), an agency of the State of North Dakota. In essence, plaintiff alleges that WSI made false claims and statements regarding his worker's compensation payments.

After defendant filed a motion to dismiss the original complaint in this action, plaintiff filed the operative first amended complaint ("FAC"), as permitted by Federal Rule of Civil Procedure 15(a)(1)(B). The FAC asserts eight causes of action: (1) unjust enrichment, (2) payment under mistake of fact, (3) recoupment of overpayment, (4) tort of bad faith, (5) spoilation, (6) breach of contract, (7) declaratory relief, and (8) injunctive relief. WSI now

moves to dismiss the FAC in its entirety.

In its motion to dismiss, defendant argues, among other things, that the court lacks subject matter jurisdiction over this case, that the court lacks personal jurisdiction over defendant, that Eleventh Amendment immunity bars plaintiff's claims, and that plaintiff fails to state a claim. The court will address the jurisdictional issues first.

The FAC alleges that "[j]urisdiction is proper under 28 U.S.C. § 1332," as the "amount in controversy exceeds $75,000 and the parties are citizens of different states." FAC, ¶ 2. Putting aside the alleged amount in controversy, the court finds that diversity jurisdiction cannot exist in this case, because state agencies "have no 'citizenship' for the purposes of section 1332." Morongo Band of Mission Indians v. California Board of Equalization, 858 F.2d 1376, 1381 (9th Cir. 1988); see also Department of Fair Labor and Housing v. Lucent Technologies, 642 F.3d 728, 737 (9th Cir. 2011) ("neither a state nor a state agency can be a party to a diversity action.").

In his opposition, plaintiff seeks to evade the controlling Ninth Circuit case law by arguing that WSI is not actually a state agency, but is a "quasi-private corporation with monopolistic control over the provision of workers' compensation insurance coverage in North Dakota." Dkt. 43 at 3. However, plaintiff provides no authority for allowing a diversity action to proceed against a state agency, and the court finds no merit in plaintiff's argument that WSI is a "quasi-private corporation." Thus, the court finds that diversity jurisdiction is lacking in this case, and as a result, the case must be dismissed for lack of subject matter jurisdiction.

Even though the FAC does not specifically allege that the court has federal question jurisdiction, plaintiff argues in his opposition brief that "[t]he court also has jurisdiction due to the federal question regarding the mishandling or misinterpretation of federal law regarding plaintiff's claim," citing 42 U.S.C. § 405(g). See Dkt. 43 at 3. Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty

days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." However, as defendant points out, plaintiff is not seeking judicial review of a final decision of the Commissioner of Social Security, but is instead attempting to bring a civil action against a state entity itself.

Accordingly, the court finds that allowing plaintiff to amend the complaint to allege federal question jurisdiction would be futile. As a result, the dismissal of the FAC is without leave to amend.

As an alternative basis for dismissal, the court finds that it lacks personal jurisdiction over WSI. California permits the exercise of personal jurisdiction to the full extent permitted by due process. Cal. Civ. Code § 410.10. Absent one of the traditional bases for personal jurisdiction (presence, domicile, or consent), due process requires that the defendant have certain "minimum contacts" with the forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The extent to which a federal court can exercise personal jurisdiction will depend on the nature and quality of presence, or the nature and quality of the defendant's contacts with the forum state.

If a defendant is domiciled in the forum state, or if its activities there are "substantial, continuous, and systematic," a federal court can (if permitted by the state's "long arm" statute) exercise jurisdiction as to any cause of action, even if unrelated to the defendant's activities within the state. Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 445 (1952). This is referred to as "general jurisdiction." However, if a non-resident's contacts with the forum state are not sufficiently "continuous and systematic" for general jurisdiction, that defendant may still be subject to "specific jurisdiction" on claims related to its activities or contacts in the forum.

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is proper. Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002).

In response to defendant's motion, plaintiff argues that "[t]he court does indeed have

3

personal jurisdiction over the State of North Dakota, as well as WSI alone, because the Fifth and Fourteenth Amendments to the United States Constitution preserve my right to due process." Dkt. 43 at 2. However, plaintiff overlooks the fact that defendant is also entitled to due process, and, as stated above, due process requires that the defendant have certain "minimum contacts" with the forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316. Accordingly, the court must determine whether WSI's contacts with California are sufficient to give rise to either general or specific jurisdiction over this case.

The court finds that WSI's contacts with California are not sufficiently "substantial, continuous, and systematic" to establish general jurisdiction. In his opposition brief, plaintiff identifies the following contacts that WSI has with California: (1) WSI had a performance evaluation conducted by a California law firm, (2) WSI provided worker's compensation insurance coverage to a California corporation, and (3) WSI has "previously engaged a California surgeon to examine plaintiff for a cervical discectomy." See Dkt. 43 at 2. These isolated contacts are not sufficient to establish general jurisdiction over WSI.

Turning to specific jurisdiction, a court exercises specific jurisdiction where the cause of action arises out of or has a substantial connection to the defendant's contacts with the forum. Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123 (9th Cir. 2002). Specific personal jurisdiction requires that the plaintiff show (1) that the non-resident defendant has purposefully directed his activities or has consummated some transaction with the forum or the resident of the forum; or has performed some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) that the plaintiff's cause of action arises out of or relates to the defendant's forum-related activities; and (3) that the forum's exercise of personal jurisdiction in the particular case is reasonable – that it comports with fair play and substantial justice. Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477-78 (1985).

4

The plaintiff bears the burden of satisfying the first two prongs of the test. If he succeeds, the burden then shifts to the defendant to present a "compelling case" that the exercise of jurisdiction would not be reasonable. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).

Even assuming that plaintiff has shown that WSI has either purposefully directed its activities to California or purposefully availed itself of California law, he has not shown that his causes of action arise out of defendant's forum-related activities. The performance evaluation conducted by a California law firm and the provision of worker's compensation insurance coverage to a California corporation have no connection to plaintiff whatsoever, and while the use of a California surgeon to examine plaintiff does bear some connection to plaintiff's claims, the gravamen of plaintiff's suit arises out of an administrative decision that took place in North Dakota. Moreover, even if plaintiff's claims did arise out of the surgeon's examination, WSI has shown that it would not be reasonable to exercise specific jurisdiction in this case. WSI provides workers' compensation benefits to employees in North Dakota, and cannot be expected to defend actions in any state where a North Dakota employee may ultimately relocate. Accordingly, plaintiff has not shown that the court has personal jurisdiction over defendant, which provides an additional basis for dismissing the complaint without leave to amend.

As a third independent ground for dismissal, the court finds that the Eleventh Amendment of the U.S. Constitution bars plaintiff's claims against WSI. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Supreme Court has made clear that the Eleventh Amendment extends to suits against state agencies, as well as against states themselves. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984) ("in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); Papasan v. Allain, 478 U.S. 265, 276 (1986) (same). The

5

Ninth Circuit continues to rely on Pennhurst and Papasan, holding in a recent case that "[t]he Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state," and that "[t]he Eleventh Amendment jurisdictional bar applies regardless of the nature of relief sought and extends to state instrumentalities and agencies." Krainski v. Nevada ex rel. Board of Regents of Nevada System of Higher Education, 616 F.3d 963, 967 (9th Cir. 2010) (citing Pennhurst and Papasan); see also Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir. 1999).

In his opposition, plaintiff argues that the State of North Dakota has waived its immunity, citing an unnamed North Dakota Supreme Court decision that "eliminated the State's sovereign immunity." See Dkt. 43 at 4.

In its reply, WSI argues that plaintiff is conflating state sovereign immunity with Eleventh Amendment immunity, and while it admits that the state legislature has allowed claims against the state to proceed in certain circumstances, the legislature has also made clear that it "does not waive the state's immunity under the Eleventh Amendment in any manner." N.D.C.C. § 32-12.2-10. In fact, plaintiff's own complaint cites the same code section, under the heading "Eleventh Amendment immunity preserved." See FAC, ¶ 42. Accordingly, the court finds that the Eleventh Amendment does indeed serve as a bar to plaintiff's claims.

Because the lack of subject matter jurisdiction, the lack of personal jurisdiction, and Eleventh Amendment immunity all provide separate and independent bases for dismissing plaintiff's complaint without leave to amend, the court does not reach the remaining arguments raised by defendant, including that plaintiff fails to state a claim. Defendant's motion to dismiss is GRANTED, without leave to amend.

Finally, the court notes that plaintiff filed a motion for default judgment on September 9, 2014. In light of the Clerk's declination of default on September 10, 2014, and in light of defendant's appearance in this action through this motion to dismiss, the court denies plaintiff's motion for default judgment.

**IT IS SO ORDERED.**

Dated: December 9, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge